IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KENNETH R. BIRDO,
TDCJ-CID No. 02402313,

  Petitioner,

v.
            2:24-CV-34-Z-BR

DIRECTOR, TDCJ-CID,

  Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

## FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Kenneth Birdo's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF 6). For the reasons stated below, the Magistrate Judge recommends that the petition be DENIED.

### FACTUAL BACKGROUND

Petitioner Kenneth Birdo, an inmate at the Clements Unit of the Texas Department of Criminal Justice, challenges the results of a prison disciplinary proceeding. On January 31, 2023, Birdo was charged in case number 20230090088 with violating offense code 21.0 of the TDCJ-CID Disciplinary Rules and Procedures for Offenders, for fighting another offender without a weapon that resulted in non-injury or no injury. (ECF 16-2 at 3-8). On February 1, 2023, the disciplinary hearing officer found Birdo guilty and assessed the following punishment: (1) 45 days' loss of recreation privileges; (2) 50 days' loss of commissary privileges; (3) reduction in line class from L1 to L3; and (4) 180 days' loss of good time credits. (*Id*. at 7). Birdo timely submitted Step 1 and Step 2 grievances, thereby exhausting his administrative remedies. (ECF 16-1).

On January 30, 2024, Birdo filed suit in the Amarillo Division of the U.S. District Court

for the Northern District of Texas in Case No. 2:24-cv-20, alleging civil rights violations and challenging the punishment he received in the disciplinary hearing. Because loss of good-time credits is not cognizable in a Section 1983 case, the Court *sua sponte* severed his habeas corpus claim into this lawsuit. Birdo amended his petition on March 14, 2024. (ECF 6). The government responded, alleging that Birdo received sufficient due process in his disciplinary hearing. (ECF 18). Birdo filed a reply, disputing the government's claims. (ECF 19).

LEGAL ANALYSIS

**A.    Legal Standard.**

Birdo is entitled to due process protections in connection with the loss of his good-time credits, so long as he is eligible for release on mandatory supervision. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007) (finding the mandatory supervision procedure in Texas "creates a constitutional expectancy of early release and, as such, a protected liberty interest in previously earned good-time credits."). Respondent concedes that Birdo is eligible for mandatory supervision release. (ECF 18 at 6). Thus, to the extent Birdo's due process claim challenges the loss of good-time credit, it presents a potentially valid claim for federal habeas corpus relief.

Federal habeas relief is available only when the petitioner shows arbitrary or capricious action by officials in connection with a disciplinary hearing that involves a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In a disciplinary hearing, a prisoner is entitled to: (1) written notice of the charges at least 24 hours prior to the proceedings, (2) an opportunity to call witnesses and present documentary evidence, and (3) written findings in support of the ruling. *Id.* at 554-56; *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir.

2000). If those requirements are met, the Court then determines whether some evidence exists in the record that could support the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985); *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004).

**B.    Birdo Does Not Show a Due Process Violation.**

Birdo does not contend he was not given adequate notice of the alleged violation, an opportunity to present evidence, or that there were no written findings in support of the ruling. Rather, he challenges only the sufficiency of the evidence presented and the credibility of the witnesses, stating that the reporting officer lied in the disciplinary report and discriminated against him in favor of the white inmate involved in the altercation giving rise to the disciplinary hearing. (ECF 19 at 2).  He further disputes Respondent's contention that he pleaded guilty to the offense, and states that he acted in self-defense when the other inmate approached him in an aggressive manner. (*Id*. at 3). Lastly, he contends that he received excessive punishment. (ECF 6 at 6).

Challenges to sufficiency of the evidence generally fail. Issues such as a hearing officer's credibility assessment or his overall consideration of the evidence are outside the limited scope of habeas review of a prison disciplinary conviction. *See, e.g., Ester v. Jones*, 742 F. App'x 42, 43 (5th Cir. 2018) (per curiam) (Federal habeas courts "do not independently assess witness credibility or reweigh the evidence in determining whether there is some evidence to support a disciplinary conviction." (citing *Richards*, 394 F.3d at 294, and concluding that "[t]he incident report constitutes 'some evidence' to support the disciplinary conviction, and [petitioner] did not establish a due process violation")). Birdo's evidentiary contentions that witnesses were discriminatory and untruthful and that he acted in self-defense were credibility determinations left to the hearing officer's discretion and do not support habeas relief. Likewise, Birdo's claim that he received excessive punishment also fails. The loss of 180 days of good time credit was in

accordance with the "Good Time Loss Limits" for committing multiple Level 2 offenses, as Birdo had done.[1] (ECF 16-2 at 6).

Here, the prison disciplinary records submitted by Respondent confirm that Birdo received written notice of the disciplinary charge at 11:40 a.m. on January 31, 2023, more than 24 hours prior to the hearing. (ECF 16-2 at 7). The record also confirms that he was provided counsel substitute and the opportunity to present evidence and witnesses at the hearing. (*Id*. at 9-10). Finally, Birdo received a written statement of the evidence relied on by the disciplinary hearing officer and the reasons for the finding of guilt, as evidenced by the phrase "Offender in Restraint" written in lieu of his signature of receipt.[2] (*Id.* at 7-10). As such, Birdo received all the process he was due at the disciplinary hearing. *See Wolff*, 418 U.S. at 555-56.

The record also indicates there was sufficient evidence to support the disciplinary decision. Again, federal habeas review of the sufficiency of evidence in disciplinary determinations is extremely limited, and due process is satisfied when there is "some evidence" to support the disciplinary finding. *Richards*, 394 F.3d at 294; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") (citation omitted). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) ("Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer."). Because Birdo's challenge is solely to the credibility of the witnesses, his claims are outside the scope of federal habeas review. Birdo's due process

---

[1]TDCJ-CID Disciplinary Rules and Procedures for Offenders <http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf > at Attachment H (visited April 17, 2025).

[2]Again, Birdo does not dispute this element.

claims regarding his loss of good-time credits should be denied.

**C.    Birdo's Other Punishments Do Not Implicate Due Process Concerns.**

In addition to his good-time credits, Birdo also lost recreation privileges, commissary privileges and line class status such that he lost his ability to earn good-time credit. (ECF 6 at 7; ECF 19 at 3-4). The Fifth Circuit has held, however, that these types of punishment are not enough to trigger due process protections. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (loss of the opportunity to earn good time does not implicate due process). Likewise, the imposition of commissary, recreation and cell restrictions do not implicate due process concerns. *See Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009); *Gaona v. Erwin*, 224 F. App'x 327, 328 (5th Cir. 2007); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("We agree that Madison's 30[-]day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns."). An inmate also does not have a protected liberty interest in his custodial classification. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Accordingly, Birdo's change in custodial classification, loss of commissary days and loss of recreational days do not present the denial of a constitutional right, and his petition should be denied as to these issues.

RECOMMENDATION

For the reasons stated above, Birdo's petition fails to state a claim for relief under 28 U.S.C. § 2254. Accordingly, IT IS RECOMMENDED that the petition be DENIED and DISMISSED WITH PREJUDICE.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 17, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).