IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| KENNETH R. BIRDO, TDCJ-CID No. 02402313, | |
| Petitioner, | |
| v. | 2:24-CV-034-Z-BR |
| DIRECTOR, TDCJ-CID, | |
| Respondent. | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge to deny the Amended Petition for a Writ of Habeas Corpus filed by the petitioner in this case (ECF No. 6). ECF No. 20. Objections to the Findings, Conclusions, and Recommendation have been filed. ECF No. 21.

Objections to a Magistrate Judge's FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here, as Petitioner merely rehashes information previously known, styling his "objections" as an "amended petition for writ of habeas corpus." *See* ECF No. 21 (where Petitioner again discusses the factual background of the instant case and argues that he shows "several due process violations"). However, as the Magistrate Judge correctly notes, Petitioner fails to show any due process violations—Petitioner's evidentiary contentions "do not support habeas relief," as "information provided in a written incident report" is sufficient to support the disciplinary decision, and Petitioner received "all the process he was due at the disciplinary hearing." ECF No. 20; *Ester v. Jones*, 742 F. App'x 42,

43 (5th Cir. 2018) (per curiam) (Federal habeas courts "do not independently assess witness credibility or reweigh the evidence in determining whether there is some evidence to support a disciplinary conviction"); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.").

After making an independent review of the pleadings, files, records, and objections in this case, the District Judge concludes that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct. It is therefore **ORDERED** that the Petitioner's Objections are **OVERRULED**, the Findings, Conclusions, and Recommendation of the Magistrate Judge (ECF No. 20) are **ADOPTED**, and the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court **ADOPTS** and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

**SO ORDERED.**

May 9, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE